# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2318
_____

Victor Lemmons, Jr.

*Plaintiff - Appellant*

v.

John Chambers, Jail Administrator; Trevor Kilmer, Correction Officer; Faith Doe, Individual Capacity; Dave Doe, Individual Capacity; Daniel Doe, Individual Capacity; T. Baliva, Individual Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: August 7, 2023
Filed: August 11, 2023
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Victor Lemmons, Jr. appeals the district court's preservice dismissal of his pro se 42 U.S.C. § 1983 action. We grant Lemmons leave to appeal in forma pauperis, and, for the reasons stated below, affirm in part and reverse in part.

We agree with the district court that Lemmons's claims based on medical treatment by unlicensed staff failed to state a claim. *See Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam) (reviewing dismissal under 28 U.S.C. § 1915 de novo). His claims concerning Jail Administrator John Chambers's failure to respond to his grievances, failure to ensure he received a jail policy manual and mailing supplies, and failure to remedy his lack of running water and hygiene supplies were also properly dismissed. *See id.*

We find, however, that Lemmons's allegations that he developed respiratory issues due to mold exposure in the jail for his entire 7-month detention, and that he informed Chambers about the mold problem through a grievance, were sufficient to survive preservice dismissal. *See Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020) (noting that inmates have broad constitutional right to reasonably adequate sanitation, particularly over lengthy course of time, and that presence of mold might give rise to unconstitutionally unsanitary prison conditions); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (explaining that supervisor may be liable under § 1983 when his corrective inaction constitutes deliberate indifference toward violation).

Accordingly, we reverse and remand for further proceedings on the mold exposure claim against defendant Chambers, and affirm the dismissal of the other claims.

_____